## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| NBCCAT CORPORATION, et al. | Case No. 05 B 18546 |
| Debtors. | Jointly Administered |
| | Hon. A. Benjamin Goldgar |

### NOTICE OF FINAL HEARING

**PLEASE BE ADVISED that** on May 12, 2005, the Court conducted a Preliminary Hearing on the Motion ("Motion") of NBCCAT Corporation and Remare Transportation Corp. ("Debtors") for entry of an order ("Interim Order") authorizing the Debtors to (i) factor their account receivable and to incur debt pursuant to a post-petition factoring agreement and related documents; (ii) grant super priority security interests and administrative priority; (iii) authorizing use of cash collateral; and (iv) granting adequate protection for use of cash collateral of Systran Financial Services Corp. ("Systran"). On that date, the Court entered the Interim Order granting the Motion. Copies of the Interim Order and Local Bankruptcy Rule 4001 Statement are available upon request to Debtors' counsel, Miriam R. Stein at (312) 876-7119.

**PLEASE BE FURTHER ADVISED that** a final hearing ("Final Hearing") shall be conducted on **June 1, 2005 at 10:00 a.m.** before the Honorable A. Benjamin Goldgar, U.S. Bankruptcy Judge in Courtroom 613 of the Dirksen Federal Building located at 219 S. Dearborn Street, Chicago, IL 60604, to consider the entry of a final order ("Final Order") approving the Motion. A copy of the proposed Final Order is attached hereto as Exhibit A. The terms of the Final Order are subject to revisions prior to the Final Hearing.

**PLEASE BE FURTHER ADVISED that** written objections to the Final Order should be filed with the Court and served on (a) Debtors' counsel, Miriam R. Stein of the law firm of Arnstein & Lehr LLP, 120 S. Riverside Plaza, Suite 1200, Chicago, IL 60606; (b) Counsel for Systran, Jeffery A. Deller, Klett Rooney Lieber & Rooney, P.C., One Oxford Center, 40th Floor, Pittsburgh, PA 15219; (c) Local counsel for Systran, Michael M. Schmahl, McGuireWoods LLP, 77 W. Wacker Drive, Suite 4100, Chicago, IL 60601; and (d) Kathryn M. Gleason, Office of the United States Trustee, 227 W. Monroe, Suite 3350, Chicago, Illinois 60606, on or before 4:30 p.m. on **May 15, 2005**.

**PLEASE BE FURTHER ADVISED that** the Court may continue the Final Hearing from time to time without further notice, other than as announced in open Court.

May 17, 2005                                    **NBCCAT Corporation et al.**

By:_____
                                    One of Their Attorneys

Barry A. Chatz (ARDC#06196639)
Miriam R. Stein (ARDC #06238163)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Phone: (312) 876-7100
Fax: (312) 876-0288

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: | Chapter 11 |
| NBCCAT CORPORATION, <u>et al</u>. | Case No. 05 B 18546<br>Jointly Administered |
| Debtors. | Hon. A. Benjamin Goldgar |

**FINAL ORDER AUTHORIZING THE DEBTORS TO (i) FACTOR ITS
ACCOUNTS RECEIVABLE AND TO INCUR DEBT PURSUANT TO A POST-
PETITION FACTORING AGREEMENT AND RELATED DOCUMENTS, (ii) GRANT
SUPER PRIORITY SECURITY INTERESTS AND ADMINISTRATIVE PRIORITY; (iii)
AUTHORIZING USE OF CASH COLLATERAL; AND (iv) GRANTING ADEQUATE
<u>PROTECTION FOR USE OF CASH COLLATERAL</u>**

UPON CONSIDERATION of the Debtors' Motion for Interim Order Authorizing The

Debtor to (i) Factor its Accounts Receivable and to Incur Debt Pursuant to A Post-Petition

Factoring Agreement and Related Documents, (ii) Grant Super Priority Security Interests and

Administrative Priority; (iii) Authorizing Use of Cash Collateral; and (iv) Granting Adequate

Protection for Use of Cash Collateral (the "<u>Motion</u>");[1] and the Court having jurisdiction to hear

the Motion and having entered an Interim Order granting the Motion; and it appearing that

sufficient notice of the Motion and Notice of a final hearing on the Motion has been given; and it

appearing that the relief requested by the Motion is in the best interests of the Debtor's estate;

and good cause having been shown, the Court hereby finds:

A.    On May 10, 2004 (the "<u>Petition Date</u>"), the Debtors commenced their

reorganization cases by filing voluntary petitions for relief under Chapter 11 of Title 11 of the

United States Code, 11 U.S.C. §§ 101, <u>et seq.</u> (the "<u>Bankruptcy Code</u>"), in the United States

---

[1]        Capitalized terms not otherwise defined herein have the same meanings as given
to them in the Motion.

469984

*— Exhibit A —*

Bankruptcy Court for the Northern District of Illinois (the "Court"). Subsequent to the Petition

Date, the Debtors' cases were consolidated for administrative purposes.

B.    The Debtors are operating and managing their businesses as debtors-in-possession

pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

C.    No official committee of unsecured creditors has been appointed in these cases.

D.    Systran, a subsidiary of Textron Financial Services Corporation, is in the business

of purchasing accounts receivables.

E.    The Debtors and Systran are parties to that certain pre-petition factoring

agreement dated December 11, 2002 (the "Receivables Agreement"), pursuant to which, among

other things, Systran purchased pre-petition accounts receivables (the "Pre-Petition Accounts

Receivable") from the Debtors.

F.    Pursuant to the Receivables Agreement, as security for the timely payment and

performance of certain of the obligations of the Debtors to Systran, the Debtor granted Systran a

first priority, perfected security interest in, among other things, all of the Debtors' Pre-Petition

Accounts Receivable, all collections and right to payments from payors of such receivables, and

all cash and non-cash proceeds of the foregoing (the "Cash Collateral").

G.    Systran, therefore, has first priority, valid and perfected liens on all the Pre-

Petition Accounts Receivable and Cash Collateral of the Debtors.

H.    As of the Petition Date, Systran had purchased at least $1,409,147.80 of Pre-

Petition Accounts Receivable from Remare Transportation Corporation and at least $802,191.11

of Pre-Petition Accounts Receivable from NBCCAT Corporation, which had yet to be collected.

I.    The Debtors' cash flow is largely dependent on the factoring of their post-petition

accounts receivable and any pre-petition accounts receivable not previously collected or sold to

469984

any third party,    (collectively the "Post-Petition Accounts Receivable").    Without a court-approved post-petition factoring agreement, the Debtors will be unable to pay for such critical expenses such as payroll, supplies, and taxes.

     J.    The Debtors have an immediate need for a post-petition factoring agreement to: (i) minimize the disruption of their businesses and daily operations; (ii) manage and preserve estate assets; and (iii) increase the likelihood of a successful reorganization.    In this regard, it is essential that the Debtors be able to factor the Post-Petition Accounts Receivables (collectively, with the Pre-Petition Accounts Receivable, the "Accounts Receivable").    Neither Accounts Receivable nor rights to payment have previously been sold or otherwise factored by the Debtors to any other person or entity.

     K.    Without the sale of the Post-Petition Accounts Receivable and rights to payment thereto on an ongoing basis, the Debtors would have no timely source of adequate operating funds. Thus, the proposed Factoring Agreement with Systran is necessary, essential, and appropriate to prevent immediate and irreparable harm to the Debtors, their respective estates, employees, and creditors.

     L.    The Debtors have entered into the Factoring Agreement, on an interim basis, in the form attached hereto as Exhibit A, with Systran pursuant to which the Debtors will (i) sell to Systran the Post-Petition Accounts Receivables and all rights to payment thereto, and (ii) in order to secure their obligations to Systran under the Factoring Agreement, to grant Systran a super-priority lien on substantially all of the assets of each of the Debtors, including without limitation, all Post-Petition Accounts Receivables and all rights to payment, whether or not purchased, and the proceeds, products and offspring thereof, including cash.

469984

M.    Under the circumstances, the Court finds that the Debtors are unable to procure other financing, in sufficient amounts and on a timely enough basis, whether in the form of unsecured credit allowable under 11 U.S.C. § 502(b)(1) as an administrative expense, or in exchange for the grant of an administrative expense priority pursuant to 11 U.S.C. § 364(c)(1)

N.    Systran is unwilling to purchase the Debtors' Post-Petition Accounts Receivable and rights to payment without being afforded the protections provided by 11 U.S.C. §§ 363(b) and (m); 364(c)(1) and (2), and, 364(d), and the entry of this Order.

O.    Good and adequate cause has been shown for the relief requested in the Motion. Entry of this Order is in the best interests of the Debtors, their creditors, and the estates because the Factoring Agreement will (i) minimize the disruption to the Debtors' business and on-going operations, (ii) increase the probability that the Debtors will achieve a successful reorganization, (iii) preserve the Debtors' assets, goodwill, and reputation, and (iv) avoid immediate and irreparable harm to the Debtors and their estates.

P.    The terms and conditions of the Factoring Agreement and this Order are fair, just, and reasonable under the circumstances and reflect the exercise of the Debtors' prudent business judgment, consistent with their fiduciary duties, and are supported by reasonably equivalent value and fair consideration. The transfer of title of any Post-Petition Accounts Receivable pursuant to the Factoring Agreement shall not be subject to recharacterization.

Q.    The Factoring Agreement and this Order have been negotiated in good faith and at arms-length by and between the parties, with all parties represented by counsel. Accordingly, factoring provided by Systran pursuant to this Order shall be deemed to have been extended or provided in good faith under 11 U.S.C. §§ 364(e) and (m) and Systran is a good faith purchaser of the Accounts Receivable pursuant to 11 U.S.C. §§ 363(m).

469984

Based upon the foregoing findings and conclusions; and upon the record made before the Court; and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED** that:

1.    THE MOTION IS GRANTED IN ITS ENTIRETY, SUBJECT TO THE TERMS AND CONDITIONS SET FORTH IN THIS ORDER.

2.    THE RECITALS A THROUGH Q SET FORTH ABOVE ARE ADOPTED AND ARE INCORPORATED HEREIN BY REFERENCE.

3.    THE DEBTORS ARE AUTHORIZED TO EXECUTE AND PERFORM ITS OBLIGATIONS (HEREINAFTER DEFINED) UNDER THE FACTORING AGREEMENT (THE "FACTORING AGREEMENT") IN THE FORM ATTACHED HERETO AS EXHIBIT A, AND ALL OF THE PROVISIONS OF THE FACTORING AGREEMENT ARE HEREBY FULLY AND COMPLETELY RATIFIED AND CONFIRMED, INCLUDING BUT NOT LIMITED TO THE PROVISIONS IN THE FACTORING AGREEMENT CONCERNING CONTROL AND DIRECTION OF PAYMENTS ON THE DEBTORS' POST-PETITION ACCOUNTS RECEIVABLE. THE PURCHASES, ADVANCES, AND ALL OTHER INDEBTEDNESS AND OBLIGATIONS INCURRED BY THE DEBTORS TO SYSTRAN, OF EVERY NATURE AND HOWEVER ARISING, ABSOLUTE OR CONTINGENT, DIRECT OR INDIRECT, INCLUDING WITHOUT LIMITATION, ALL CHARGE BACKS, ALL REGULAR AND DEFAULT INTEREST, EARLY TERMINATION PREMIUMS, AND DISCOUNT FEES AS DESCRIBED IN THE FACTORING AGREEMENT, AND OTHER REASONABLE FEES, CHARGES, COSTS, AND EXPENSES INCURRED BY SYSTRAN IN CONNECTION THEREWITH, ARE REFERRED TO HEREIN AND HEREINAFTER AS THE "OBLIGATIONS."

469984

4.    WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, THE DEBTORS ARE AUTHORIZED (!) TO SELL ITS POST-PETITION ACCOUNTS RECEIVABLE TO SYSTRAN UNDER AND AS CONTEMPLATED IN THE FACTORING AGREEMENT, (II) TO INCUR ADDITIONAL FINANCIAL AND/OR MONETARY OBLIGATIONS TO SYSTRAN UNDER AND AS CONTEMPLATED IN OR RELATED TO THE FACTORING AGREEMENT. THE ASPECTS OF THE FACTORING AGREEMENT AND THE PROGRAM SET FORTH THEREIN THAT CONSTITUTE TERMS FOR THE SALE OF PROPERTY OF THE ESTATE ARE APPROVED PURSUANT TO SECTION 363 OF THE CODE AND THE TEN (10) DAY STAY ON THIS ORDER APPROVING ANY SUCH SALE IS WAIVED PURSUANT TO BANKRUPTCY RULE 6004(G).

5.    ALL OBLIGATIONS OF THE DEBTORS UNDER, IN CONNECTION WITH, OR RELATED TO THE RECEIVABLES AGREEMENT AND FACTORING AGREEMENT, AND AUTHORIZED BY THIS ORDER, SHALL BE POST-PETITION OBLIGATIONS OF THE DEBTORS.

6.    AS SECURITY FOR THE DEBTORS' PERFORMANCE OF THE OBLIGATIONS, SYSTRAN IS HEREBY GRANTED, PURSUANT TO 11 U.S.C. SECTION 364(C) AND (D):

(a)    A validly perfected and non-avoidable super-priority lien and security interest, (the "Systran Liens"), on all the Receivables whether or not purchased, together with all accounts, chattel paper, documents, instruments, letter of credit rights, supporting obligations, deposit accounts, and general intangibles arising from or related thereto, and all of the cash and non-cash proceeds, products, and offspring of the foregoing, all present and future Bills(s) and Special Purchase Bill(s) as defined the Factoring Agreement, accounts, inventory, deposit accounts, chattel paper, contract rights, insurance contracts and proceeds, general intangibles, choses in action, equipment (including, without limitation vehicles, tractor and trailers), instruments, real estate and fixtures, and documents, and the proceeds of the foregoing, including proceeds in the form of inventory and/or equipment, whether tangible or intangible, wherever located together with any and all cash and non-cash proceeds and products and accessions of the foregoing (collectively, the "Collateral"). The Systran Liens shall be validly perfected non-avoidable super priority liens on all Collateral pursuant to 11 U.S.C. Section 364(d); provided however, the Systran Liens on equipment, real estate and fixtures (the "Liened Collateral") that is subject to non-avoidable liens, if any, pre-existing as

469984

of the Petition Date shall be junior only to such pre-existing liens on the Liened Collateral and only to the extent such pre-existing liens are validly perfected and non-avoidable; and

(b)    A superpriority administrative expense afforded by 11 U.S.C. § 364(c)(1), with priority over all other claims and administrative expenses of any kind, including those specified in sections 326, 330, 331, 503(b), 506, and/or 507(b) of the Bankruptcy Code and subject to statutory fees owed to the Office of the United States Trustee.

7.    EXCEPT AS OTHERWISE PROVIDED HEREIN, THE DEBTORS ARE AUTHORIZED TO AND SHALL MAKE ALL PAYMENTS, CHARGEBACKS, AND TRANSFERS OF PROPERTY TO SYSTRAN OR FOR THE BENEFIT OF SYSTRAN AS PROVIDED, PERMITTED, OR REQUIRED UNDER THE FACTORING AGREEMENT AND THE RECEIVABLES AGREEMENT. THOSE PAYMENTS AND TRANSFERS SHALL NOT BE SUBJECT TO AVOIDANCE UNDER 11 U.S.C. §549. SYSTRAN IS FURTHER AUTHORIZED, WITHOUT FURTHER ORDER OF THE COURT, TO COLLECT ITS PRE-PETITION ACCOUNTS RECEIVABLE AND APPLY SUCH COLLECTED AMOUNTS AGAINST ANY OBLIGATIONS OF THE DEBTORS UNDER THE RECEIVABLES AGREEMENT. IN ADDITION, ALL PROCEEDS OF THE COLLATERAL WHICH ARE COLLECTED BY SYSTRAN MAY BE APPLIED BY SYSTRAN TO FIRST PERMANENTLY REDUCE THE DEBTORS' OBLIGATIONS UNDER THE RECEIVABLES AGREEMENT AND THEN TO REDUCE ANY REMAINING OBLIGATIONS OF THE DEBTORS UNDER THE FACTORING AGREEMENT.

8.    SYSTRAN SHALL NOT BE REQUIRED TO FILE FINANCING STATEMENTS, MORTGAGES, SECURITY AGREEMENTS, OR OTHER INSTRUMENTS IN ANY JURISDICTION OR TAKE ANY OTHER ACTION IN ORDER TO CREATE, VALIDATE, PERFECT OR MAINTAIN THE SECURITY INTERESTS, LIENS, OR MORTGAGES (OR THE PRIORITY ESTABLISHED BY THIS ORDER OF ANY THEREOF) IN THE COLLATERAL GRANTED TO IT HEREUNDER, ALL OF WHICH ARE HEREBY DEEMED VALID, PERFECTED AND ENFORCEABLE UPON ENTRY OF THIS ORDER AGAINST ALL CREDITORS (WHETHER SECURED OR UNSECURED) OF AND PURCHASERS FROM THE DEBTORS AND OTHER PARTIES-IN-INTEREST. IF

469984

SYSTRAN, IN ITS SOLE DISCRETION, CHOOSES TO FILE SUCH FINANCING STATEMENTS, MORTGAGES, SECURITY AGREEMENTS OR OTHER INSTRUMENTS, OR TO OTHERWISE CONFIRM THE CREATION, PERFECTION OR PRIORITY OF SUCH SECURITY INTERESTS AND LIENS, ALL SUCH FINANCING STATEMENTS, MORTGAGES, SECURITY AGREEMENTS OR SIMILAR INSTRUMENTS SHALL BE DEEMED TO HAVE BEEN FILED OR RECORDED AS OF THE PETITION DATE AND THE DEBTORS SHALL, AT THEIR OWN EXPENSE, EXECUTE AND DELIVER TO SYSTRAN, FOR RECORDING (WHERE APPROPRIATE), ALL AGREEMENTS, FINANCING STATEMENTS, MORTGAGES, INSTRUMENTS, AND OTHER DOCUMENTS AS SYSTRAN MAY REQUEST TO CREATE, EVIDENCE, CONFIRM, VALIDATE, PERFECT OR MAINTAIN THE SECURITY INTERESTS AND LIENS (AND THE PRIORITY THEREOF) IN THE COLLATERAL.  SHOULD SYSTRAN DEEM IT APPROPRIATE, IN ITS SOLE AND EXCLUSIVE DISCRETION, SYSTRAN MAY FILE OR RECORD A COPY OF THIS ORDER IN ANY LOCAL, STATE OR FEDERAL OFFICE.

9.     THIS ORDER SHALL SERVE AS AUTHORITY TO THE DEBTORS' ACCOUNT DEBTORS (THE "OBLIGORS") OBLIGATED ON ALL POST-PETITION ACCOUNTS RECEIVABLE AND PRE-PETITION ACCOUNTS RECEIVABLE TO HONOR ANY REQUESTS FOR PAYMENT OR NOTICE OF ASSIGNMENT MADE TO THEM BY SYSTRAN.  SHOULD ANY OF THE OBLIGORS REMIT PAYMENT TO THE DEBTORS DIRECTLY ON ACCOUNT OF THE ACCOUNTS RECEIVABLE PURCHASED BY SYSTRAN, THE DEBTORS SHALL HOLD IN ESCROW FOR THE BENEFIT OF SYSTRAN ANY PAYMENT ON, DISTRIBUTION OF PROCEEDS RELATING TO THE SAME, WHETHER SUCH PAYMENT, DISTRIBUTION OF PROCEEDS ARE IN THE FORM OF CASH PROPERTY, OR OF ANY OTHER KIND OR CHARACTER, AND SHALL IMMEDIATELY PAY OVER AND DELIVER TO SYSTRAN SUCH DISTRIBUTION OR PAYMENT INCORRECTLY MADE TO THE DEBTORS (THE "ESCROW").

469984

10.     PURSUANT TO 11 U.S.C. § 363, THE SALE OF THE DEBTOR'S POST-PETITION ACCOUNTS RECEIVABLES SHALL BE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, OTHER THAN THE SYSTRAN LIENS. THE LIENS OF SECURED CREDITORS, IF ANY, SHALL ATTACH SOLELY TO THE PROCEEDS OF SUCH SALE, SUBJECT TO THE SYSTRAN LIENS, IN THE ORDER OF PRIORITY AS THEIR VALID LIENS AND SECURITY INTERESTS MAY HAVE EXISTED IMMEDIATELY PRIOR TO THE PETITION DATE AND SUBJECT TO ANY AND ALL CLAIMS, RIGHTS, INTERESTS OR DEFENSES CLAIMS OR WHICH MAY BE ASSERTED BY THE DEBTORS OR ANY OTHER PARTY IN INTEREST WITH RESPECT TO THE VALIDITY, PRIORITY, SCOPE, AND AMOUNT OF ANY CLAIMS AND SECURITY INTERESTS AND LIENS ASSERTED BY ANY OF SECURED CREDITOR.

11.     SUBJECT ONLY TO THE PROVISIONS OF PARAGRAPH 6(A) ABOVE (NON-AVOIDABLE LIENS AS OF THE PETITION DATE), THE SYSTRAN LIENS SHALL BE SENIOR TO, AND SHALL NOT BE SUBORDINATED OR MADE EQUAL TO ANY LIEN, SECURITY INTEREST, MORTGAGE, OR ANY OTHER INTEREST IN FAVOR OF ANY PARTY BY ANY ORDER OF THE COURT OR OTHERWISE, INCLUDING WITHOUT LIMITATION, LIENS OR INTERESTS: (A) AUTHORIZED IN CONNECTION WITH THE USE OF THE CASH COLLATERAL UNDER 11 U.S.C. § 363(B); (B) GRANTED IN CONNECTION WITH THE OBTAINING OF CREDIT OR INCURRING OF INDEBTEDNESS UNDER 11 U.S.C. § 364(C); (C) RECOGNIZED AS SENIOR UNDER 11 U.S.C. § 510; (D) PROVIDED PURSUANT TO AN ORDER CONFIRMING A PLAN OF REORGANIZATION; <u>UNLESS</u> (X) SYSTRAN SHALL HAVE GIVEN ITS EXPRESS PRIOR WRITTEN CONSENT, WHICH SHALL NOT BE IMPLIED FROM ANY OTHER ACTION, INACTION, OR ACQUIESCENCE BY SYSTRAN; OR (Y) THE ORDER PROVIDING FOR SUCH LIEN, INTEREST, OR SUBORDINATION IS CONDITIONED UPON PRIOR FULL SATISFACTION OF THE OBLIGATIONS AND ANY PRE-PETITION CLAIM OF SYSTRAN BEFORE ANY SUCH LIEN, INTEREST OR SUBORDINATION IS EFFECTIVE.

469984

12.    AN EVENT OF DEFAULT UNDER THIS ORDER ("EVENT OF DEFAULT") SHALL INCLUDE ANY OF THE FOLLOWING:

(a) The occurrence of an event of default under the Factoring Agreement;

(b) The Debtors' failure to perform or satisfy any of the terms, conditions or covenants of this Order;

(c) The Debtors' filing, support, or confirmation of a Chapter 11 plan of reorganization in this bankruptcy case that does not provide for the prior full satisfaction of the Obligations on or before the "effective date" of the plan, unless otherwise agreed to in writing by Systran;

(d) The termination of the factoring under the Factoring Agreement by its own terms or operation of law;

(e) The foreclosure, liquidation, levy, or similar act by any party with respect to any material portion of the Collateral;

(f) The dismissal of any one or all of these bankruptcy cases;

(g) The conversion of any of these bankruptcy cases to a case under another chapter of this Bankruptcy Code;

(h) The stay, modification, amendment, vacating, or reversal of any term of this Order or the Factoring Agreement, or any of the rights and acknowledgments conferred thereunder;

(i) The commencement or continuation of, or voluntary participation by, any of the Debtors in any lawsuit, adversary proceeding, or contested matter against Systran; and

(j) The commencement or continuation of any nonfrivolous action or process by another party with respect to a material portion of the Collateral or the Obligations.

469984

(k) Any of the Debtors fail to comply with the provisions set forth in the Budget annexed hereto at Exhibit B in any material respect (and any 10% deviation in any individual line item set forth in the Budget is hereby deemed to be a material deviation, unless such deviation is agreed upon in writing by Systran).

13.    UPON OCCURRENCE OF AN EVENT OF DEFAULT, SYSTRAN SHALL PROVIDE THE DEBTORS AND COUNSEL TO THE DEBTORS WITH A NOTICE OF SUCH EVENT OF DEFAULT VIA FAX (THE "DEFAULT NOTICE").    UPON DEBTOR'S RECEIPT OF THE DEFAULT NOTICE, AND TO THE EXTENT SUCH DEFAULT IS CURABLE AND NOT CURED WITHIN FIVE (5) CALENDAR DAYS: ALL OF THE FOLLOWING SHALL OCCUR: (A) ALL OBLIGATIONS SHALL BE IMMEDIATELY DUE AND PAYABLE; (B) ALL FACTORING UNDER THE FACTORING AGREEMENT SHALL BE TERMINATED, WHICH TERMINATION SHALL HAVE NO EFFECT ON THE SYSTRAN LIENS OR THE OBLIGATIONS; AND (C) THE DEBTORS SHALL NOT HAVE ANY USE OF ANY CASH COLLATERAL WITHOUT FURTHER ORDER OF THE COURT.    FOR THE AVOIDANCE OF DOUBT, UPON GIVING THE DEFAULT NOTICE, UNDER NO CIRCUMSTANCES SHALL SYSTRAN BE OBLIGATED TO PROVIDE THE DEBTORS WITH, OR SHALL THE DEBTORS BE ENTITLED TO, ANY ACCESS TO ANY AMOUNTS HELD IN ESCROW UNLESS AND UNTIL ALL OF THE DEBTORS' OBLIGATIONS TO SYSTRAN HAVE BEEN FULLY PAID AND SATISFIED.    WITH RESPECT TO AN EVENT OF DEFAULT SET FORTH IN THE FACTORING AGREEMENT THAT (I) IS NOT AN EVENT OF DEFAULT UNDER PARAGRAPH 12 OF THIS ORDER, (II) DOES NOT IMPAIR OR AFFECT THE COLLATERAL OR PAYMENT OF THE OBLIGATIONS, AND (III) IS OF A TYPE THAT IS CURABLE, AND THE DEBTORS FAILS TO CURE SUCH DEFAULT WITHIN FIVE (5) CALENDAR DAYS FROM THE DEBTORS' RECEIPT OF A DEFAULT NOTICE, IN ADDITION TO THE OTHER RIGHTS AND REMEDIES OF SYSTRAN RECOGNIZED HEREIN, UPON TWO (2) BUSINESS DAYS' NOTICE, SYSTRAN MAY (X) TAKE ANY AND ALL ACTS TO ENFORCE ITS RIGHTS AND REMEDIES WITH RESPECT TO THE COLLATERAL;

469984

AND/OR (Y) TAKE ANY OTHER ACTION OR EXERCISE ANY OR ALL RIGHTS AND REMEDIES AVAILABLE UNDER THIS ORDER, THE FACTORING AGREEMENT, OR APPLICABLE LAW.

14.    THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE CODE ARE HEREBY MODIFIED TO PERMIT THE DEBTORS TO CREATE, AND SYSTRAN TO RECORD IF IT DEEMS IT APPROPRIATE, SYSTRAN'S FIRST PRIORITY LIEN POSITION ON THE COLLATERAL, INCLUDING REAL PROPERTY AND TO ENFORCE ANY AND ALL SECURITY INTERESTS AND/OR LIENS GRANTED HEREUNDER.    THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE CODE ARE FURTHER MODIFIED TO GRANT SYSTRAN COMPLETE RELIEF FROM THE STAY TO ENFORCE ANY AND ALL OF ITS RIGHTS AND REMEDIES AGAINST THE OBLIGORS AS PROVIDED IN THE FACTORING AGREEMENT AND RECEIVABLES AGREEMENT, INCLUDING WITHOUT LIMITATION, COLLECTION OF PAYMENTS ON PRE-PETITION ACCOUNTS RECEIVABLE AND POST-PETITION ACCOUNTS RECEIVABLE DIRECTLY FROM SUCH OBLIGORS.

15.    SYSTRAN HAS NOT WAIVED THE RIGHT TO PROVIDE FACTORING AND RELATED SERVICES TO THE DEBTORS ON ANY OTHER, DIFFERENT, OR ADDITIONAL TERMS THAN IN THIS ORDER, AS AUTHORIZED BY FURTHER ORDER OF THIS COURT.

16.    NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER, THIS ORDER APPROVES THE DEBTORS' ACKNOWLEDGMENT AND AGREEMENT THAT THE FACTORING AGREEMENT, THE RECEIVABLES AGREEMENT, THE OBLIGATIONS, AND THE SYSTRAN LIENS, ARE VALID, ENFORCEABLE, PERFECTED, AND UNAVOIDABLE UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW, IN ACCORDANCE WITH THEIR TERMS.

469984

17.    THE DEBTORS, AND ON BEHALF OF THEMSELVES AND TO THE GREATEST EXTENT PERMITTED BY LAW, ALL OF THOSE PERSONS AND/OR ENTITIES CLAIMING BY, THROUGH OR UNDER THE DEBTORS AS RELEASORS, INCLUDING WITHOUT LIMITATION THESE BANKRUPTCY ESTATES, TOGETHER WITH THEIR SUCCESSORS AND ASSIGNS HEREBY UNCONDITIONALLY DISCHARGE, WAIVE AND RELEASE SYSTRAN FROM ANY AND ALL LOSSES, DAMAGES, CLAIMS LIABILITIES AND CAUSES OF ACTION (INCLUDING WITHOUT LIMITATION CLAIMS UNDER CHAPTER 5 OF THE BANKRUPTCY CODE), WHETHER KNOWN OR UNKNOWN, AND OF ANY NATURE OR EXTENT ARISING OR RELATING TO SYSTRAN'S RELATIONSHIP WITH THE DEBTORS, INCLUDING WITHOUT LIMITATION SYSTRAN'S PURCHASING OF RECEIVABLES PURSUANT TO THE RECEIVABLES AGREEMENT AND ENFORCEMENT OF ANY OBLIGATIONS RELATING TO THE SAME.    THE FOREGOING RELEASES SHALL BE BINDING UPON THE DEBTORS.  THE FOREGOING RELEASES SHALL ALSO BE BINDING UPON ALL CREDITORS AND PARTIES-IN-INTEREST AND ANY STATUTORY COMMITTEE AUTHORIZED BY THE COURT OR APPOINTED BY THE OFFICE OF THE UNITED STATES TRUSTEE, PROVIDED HOWEVER, THE FOREGOING RELEASES SHALL BE BINDING UPON SUCH PARTIES UNLESS (A) A PARTY-IN-INTEREST (EXCLUDING THE DEBTORS) HAS FILED AN ADVERSARY PROCEEDING OR CONTESTED MATTER CHALLENGING THE VALIDITY, PRIORITY, OR ENFORCEABILITY OF THE OBLIGATIONS OR SYSTRAN LIENS, OR OTHERWISE ASSERTING ANY CLAIMS OR CAUSES OF ACTION AGAINST SYSTRAN ON BEHALF OF THE DEBTORS' ESTATES NO LATER THAN 45 DAYS FROM THE PETITION DATE AND (B) THE COURT ENTERS A FINAL NON-APPEALABLE ORDER IN FAVOR OF THE PLAINTIFF IN ANY SUCH TIMELY FILED ADVERSARY PROCEEDING OR CONTESTED MATTER.

18.    AS ADEQUATE PROTECTION FOR THE DEBTOR'S USE OF SYSTRAN'S CASH COLLATERAL AND FOR ANY DIMINUTION IN THE VALUE OF ITS VALID LIENS AND SECURITY INTERESTS AS A RESULT OF THE DEBTORS' USE OF SYSTRAN'S CASH COLLATERAL, SYSTRAN

469984

SHALL BE, AND HEREBY IS GRANTED, VALIDLY PERFECTED AND NON-AVOIDABLE LIENS AND

SECURITY INTERESTS IN THE COLLATERAL ("REPLACEMENT LIEN"), WHETHER ACQUIRED BY THE

DEBTORS PRIOR TO THE PETITION DATE OR THEREAFTER; SUBJECT ONLY TO PRE-EXISTING NON-

AVOIDABLE LIENS AS OF THE PETITION DATE ON THE LIENED COLLATERAL AND THE SYSTRAN

LIENS, AND NO PERSON OR ENTITY OTHER THAN SYSTRAN SHALL BE GRANTED IN THE DEBTORS'

BANKRUPTCY CASE, A LIEN OR SECURITY INTERESTS *PARI PASSU* WITH OR SENIOR TO SUCH LIENS

AND SECURITY INTEREST OF SYSTRAN.

19.     Notwithstanding the termination or expiration of this Order or any final Order

related hereto, or the expiration or termination of the Factoring Agreement or Receivables

Agreement, at no time shall any surcharge be imposed upon Systran or any collateral of Systran

(including without limitation the Pre-Petition Accounts Receivable and Post-Petition Accounts

Receivable), whether under the provisions of Section 506(c) of the Bankruptcy Code, the

enhancement of collateral provisions of Section 552 of the Bankruptcy Code or otherwise.

20.     TO THE EXTENT THAT ANY OR ALL OF THE PROVISIONS OF THIS ORDER ARE

INCONSISTENT OR CONFLICT WITH ANY OR ALL OF THE PROVISIONS OF ANY PRIOR ORDER OF THIS

COURT IN THESE CHAPTER 11 CASES, THE PROVISIONS OF SUCH PRIOR ORDER ARE HEREBY

MODIFIED OR VACATED TO THE EXTENT NECESSARY TO GIVE FULL EFFECT TO ALL OF THE

PROVISIONS OF THIS ORDER.  IF ANY OR ALL OF THE PROVISIONS OF THIS ORDER ARE HEREAFTER

MODIFIED, VACATED OR STAYED BY SUBSEQUENT ORDER OF THIS COURT OR ANY OTHER COURT,

SUCH STAY, MODIFICATION OR VACATUR SHALL NOT AFFECT THE VALIDITY OF ANY OBLIGATION

OR OBLIGATION  OF THE DEBTORS TO SYSTRAN AUTHORIZED PURSUANT TO THIS ORDER AND

WHICH IS INCURRED PRIOR TO THE EFFECTIVE DATE OF SUCH STAY, MODIFICATION OR VACATUR,

469984

OR THE VALIDITY AND ENFORCEABILITY OF ANY LIEN, SECURITY INTEREST OR PRIORITY AUTHORIZED HEREUNDER OR HEREBY WITH RESPECT TO ANY SUCH OBLIGATION OR OBLIGATION OF THE DEBTORS.

21.   THE PROVISIONS OF THIS ORDER, THE RIGHTS AND INTERESTS GRANTED TO SYSTRAN UNDER THE FACTORING AGREEMENT AND THIS ORDER, AND ANY ACTIONS TAKEN PURSUANT HERETO SHALL SURVIVE ENTRY OF ANY ORDER WHICH MAY BE ENTERED CONFIRMING ANY PLAN OF REORGANIZATION OR WHICH MAY BE ENTERED CONVERTING THIS CASE FROM CHAPTER 11 TO CHAPTER 7, OR DISMISSING THIS OR ANY SUBSEQUENT PROCEEDING, AND THE TERMS AND PROVISIONS OF THIS ORDER AS WELL AS THE LIENS, CLAIMS,  AND SECURITY INTERESTS GRANTED HEREUNDER (AND THE RELATIVE PRIORITIES THEREOF) SHALL CONTINUE IN THIS OR ANY SUPERSEDING CASE UNDER THE BANKRUPTCY CODE AND SUCH LIENS AND SECURITY INTERESTS SHALL MAINTAIN THEIR SAME RELATIVE PRIORITIES AS PROVIDED BY THIS ORDER UNTIL SATISFIED AND DISCHARGED, NOTWITHSTANDING ANY DISMISSAL OF THIS OR ANY SUBSEQUENT PROCEEDING.

22.   THE PROVISIONS OF THIS ORDER SHALL BE BINDING UPON AND INURE TO THE BENEFIT OF SYSTRAN AND THE DEBTORS AND THEIR ESTATES AND THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, INCLUDING ANY CHAPTER 7 OR CHAPTER 11 TRUSTEE HEREINAFTER APPOINTED FOR ANY OF THE DEBTORS' ESTATES.

23.   THE OBLIGATIONS, LIENS AND ADMINISTRATIVE PRIORITIES PROVIDED FOR HEREIN TO SYSTRAN ARE ENTITLED TO ALL THE BENEFITS AND PROTECTIONS OF SECTION 364 (E) OF THE CODE AND THE SALE OF ACCOUNTS RECEIVABLE AND/OR POST-PETITION ACCOUNTS RECEIVABLE

469984

TO SYSTRAN AS PROVIDED FOR HEREIN IS ENTITLED TO ALL THE BENEFITS AND PROTECTIONS OF SECTION 363(M) OF THE CODE.

24.    TO THE EXTENT SYSTRAN OR ITS COUNSEL SEEK PAYMENT OF ATTORNEYS' FEES AND OTHER REASONABLE LEGAL EXPENSES AS PROVIDED IN THE FACTORING AGREEMENT, SYSTRAN OR ITS ATTORNEYS SHALL FIRST SUBMIT WRITTEN APPLICATION TO THE DEBTORS, WITH A COPY TO THE U.S. TRUSTEE AND ANY OFFICIAL COMMITTEE APPOINTED IN THIS CASE. IF NO OBJECTION IS RECEIVED BY SYSTRAN OR ITS COUNSEL WITHIN TEN (10) DAYS OF SUCH FEE REQUEST, THE DEBTORS ARE AUTHORIZED TO PAY SUCH FEES AND EXPENSES. IF AN OBJECTION IS TIMELY MADE, ANY SUCH DISPUTE RELATING TO THE ATTORNEYS' FEES AND EXPENSES REQUEST SHALL BE DECIDED BY THE COURT UPON MOTION.

25.    THE DEBTORS SHALL PROVIDE SYSTRAN AND ITS AGENTS AND PROFESSIONALS WITH FULL COOPERATION, INFORMATION AND ACCESS, DURING REGULAR BUSINESS HOURS, TO THE DEBTORS' PERSONNEL, PREMISES, BOOKS AND RECORDS AS MAY BE REASONABLY REQUESTED BY SYSTRAN. THE DEBTORS SHALL ALSO PROVIDE SYSTRAN WITH COPIES OF ALL MONTHLY OPERATING REPORTS FILED BY THE DEBTORS WITHIN THREE (3) DAYS OF FILING, WITH COPIES TO SYSTRAN'S COUNSEL: JEFFERY A. DELLER, ESQUIRE, KLETT ROONEY LIEBER & SCHORLING, 40TH FLOOR, ONE OXFORD CENTRE, PITTSBURGH, PA 15219.

26.    THE PARTIES SPECIFIED IN THIS ORDER AND THE PARTIES TO THE DOCUMENTS AND EXHIBITS REFERENCED HEREIN EXPRESSLY AGREE AND CONSENT TO THE JURISDICTION OF THIS COURT TO ENFORCE ALL OF THE TERMS AND PROVISIONS OF THIS ORDER.

27.    THIS ORDER IS A FINAL ORDER.

469984

28.    SERVICE OF A COPY OF THIS ORDER SHALL BE ACCOMPLISHED BY THE DEBTORS VIA FAX TO SYSTRAN AND COUNSEL TO SYSTRAN AND REGULAR FIRST CLASS MAIL TO ALL OTHER PARTIES IN INTEREST WITHIN 3 BUSINESS DAYS AFTER ENTRY OF THIS ORDER, WHICH SHALL BE DEEMED GOOD AND SUFFICIENT SERVICE HEREOF FOR ALL PURPOSES.

_____

The Honorable _____
United States Bankruptcy Judge

469984